# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
May 7, 2010

Lyle W. Cayce
Clerk

No. 09-50590
Summary Calendar

UNITED STATES OF AMERICA,

> Plaintiff-Appellee

v.

JUAN ANTONIO GANDARA-GONZALEZ,

> Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:09-CR-439-1

Before JONES, Chief Judge, and DAVIS and WIENER, Circuit Judges.

PER CURIAM:[*]

The district court sentenced Juan Antonio Gandara-Gonzalez to serve 46 months in prison and a three-year term of supervised release following his conviction of one count of illegal reentry into the United States. In this appeal, Gandara-Gonzalez challenges his sentence, which was within the applicable guidelines range, as being too severe. He argues that the pertinent Guideline, U.S.S.G. § 2L1.2, is flawed because it is not empirically based and because it ignores the remote nature of his prior offense as well as his age. In Gandara-

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Gonzalez's opinion, his sentence is unduly harsh because the district court did not properly weigh the sentencing factors given in 18 U.S.C. § 3553(a).

Following *United States v. Booker*, 543 U.S. 220 (2005), we review sentences for reasonableness in light of the sentencing factors in § 3553(a). *United States v. Mares*, 402 F.3d 511, 519-20 (5th Cir. 2005). Pursuant to *Gall v. United States*, 552 U.S. 38 (2007), we engage in a bifurcated review of the sentence imposed by the district court. *United States v. Delgado-Martinez,* 564 F.3d 750, 752 (5th Cir. 2009). First, we consider whether the district court committed a "significant procedural error." *Id.* at 752-53. If there is no such error, we then review the substantive reasonableness of the sentence imposed for an abuse of discretion. *Id.* at 751-53.

Gandara-Gonzalez's arguments concerning the district court's balancing of the § 3553(a) factors amount to a disagreement with the district court's weighing of these factors and the appropriateness of his within-guidelines sentence. This disagreement does not suffice to show error in connection with his sentence. *See United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009), *petition for cert. filed* (Feb. 19, 2010) (No. 09-9216); *United States v. Gomez-Herrera*, 523 F.3d 554, 565-66 (5th Cir.), *cert. denied*, 129 S. Ct. 624 (2008). His claim that his sentence is improper due to the flawed nature of § 2L1.2 is likewise unavailing. *See United States v. Mondragon-Santiago*, 564 F.3d 357, 365-67 (5th Cir.), *cert. denied*, 130 S. Ct. 192 (2009). Gandara-Gonzalez has not shown that his sentence was either procedurally or substantively unreasonable, nor has he rebutted the presumption of reasonableness that attaches to his within-guidelines sentence. *See United States v. Armstrong*, 550 F.3d 382, 405 (5th Cir. 2008), *cert. denied*, 130 S. Ct. 54 (2009); *United States v. Alonzo*, 435 F.3d 551, 554 (5th Cir. 2006).

The judgment of the district court is AFFIRMED.